UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
IRMA Y.D.,

                      Plaintiff,         <u>DECISION AND ORDER</u>
                                         1:22-CV-06658-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In May of 2016, Plaintiff Irma Y.D.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13).

This case was referred to the undersigned on June 14, 2023. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 20, 22). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this case is remanded for further proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on May 6, 2016, alleging disability beginning April 7, 2016. (T at 226-29, 230-35).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 29, 2018, before ALJ Jason A. Miller. (T at 78-87). ALJ Miller issued a decision denying the applications for benefits on July 27, 2018. (T at 25-51).  The Appeals Council denied Plaintiff's request for review on April 25, 2019. (T at 17-24).  Plaintiff commenced an action seeking judicial review.

On April 13, 2020, the Honorable Kenneth M. Karas, United States District Judge, approved a stipulation remanding the matter under sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings. (T at

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 16.

1691).  The Appeals Council entered a Remand Order on June 2, 2020. (T at 1693-99).

A second administrative hearing was held on May 11, 2022, before ALJ Angela Banks.  Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 1640-47). The ALJ also received testimony from Melissa Fass-Karlin, a vocational expert. (T at 1647-53).

### B.    ALJ's Decision

On June 1, 2022, ALJ Banks issued a decision denying the applications for benefits. (T at 1599-1626).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 7, 2016 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2022 (the date last insured). (T at 1609).

The ALJ concluded that Plaintiff's insulin dependent diabetes mellitus, morbid obesity, degenerative disc disease in the lumbar spine, degenerative joint disease in the knees, PTSD, and major depressive disorder were severe impairments as defined under the Act. (T at 1609).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1611).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally balance on uneven terrain, but can maintain balance on even terrain; she can occasionally stoop, crouch, kneel, crawl and climb ramps and stairs; but she can never climb ladders, ropes, or scaffolds. (T at 1613).

The ALJ found that Plaintiff can perform simple and repetitive tasks in a low stress job, defined as work involving no more than occasional decision-making, use of judgment, and changes in the work setting. (T at 1613).  The ALJ determined that Plaintiff can perform work that is goal oriented, but with no production pace rate work (such as on an assembly line), and she can tolerate no more than occasional contact with co-workers, supervisors, and the public. (T at 1613).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home attendant. (T at 1624).

However, considering Plaintiff's age (42 on the alleged onset date), education (limited, unable to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 1624-25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 7, 2016 (the alleged onset date) and June 1, 2022 (the date of the ALJ's decision). (T at 1626).  ALJ Banks's decision is considered the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 5, 2022. (Docket No. 1).  On March 21, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 20, 21).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 19, 2023. (Docket Nos. 22, 23).  On June 9, 2023, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 24).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises several challenges to the ALJ's assessment of her physical and mental impairments.  For the following reasons the Court concludes that a remand is necessary for further development of the record.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

"Proper application" of the rule requiring the ALJ to develop the record "ensures that the claimant's record is comprehensive, including all relevant treating physician diagnoses and opinions, and requires the ALJ to explain clearly how these opinions relate to the final determination. In this circuit, *the rule is robust*." *Santiago v. Comm'r of Soc. Sec.*, No. 13-CV-3951(LTS)(SN), 2014 U.S. Dist. LEXIS 96984, 2014 WL 3819304, at *16 (S.D.N.Y. Aug. 4, 2014)(citing *Schaal v. Apfel*, 134 F.3d 496, 503-05 (2d Cir. 1998))(emphasis added).

As discussed below, the ALJ failed in her duty to develop the record in three material respects.

### A.   Physical Limitations

The ALJ recognized Plaintiff's insulin dependent diabetes mellitus, morbid obesity, degenerative disc disease in the lumbar spine, and

degenerative joint disease in the knee as severe impairments (T at 1609) but concluded that she retained the RFC to perform a range of light work. (T at 1613).

Notably, the ALJ recognized that the record did not include a medical source statement from any of Plaintiff's treating providers. (T at 1620).

In reaching her RFC determination, the ALJ gave "good weight" to portions of the opinion provided by Dr. Allen Meisel, a consultative examiner. (T at 1620).  Dr. Meisel opined that Plaintiff had mild limitation with respect to standing, walking, climbing stairs, bending, and kneeling. (T at 351).

Dr. Meisel's examination, however, was performed in June of 2016, nearly six (6) years before the ALJ's decision.  While "the mere passage of time" does not cause a medical opinion to "expire," a "medical opinion may be stale if subsequent treatment notes indicate a claimant's condition has deteriorated." *Gina D. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01241 (JJM), 2021 WL 1117023, at *4 (W.D.N.Y. Mar. 24, 2021)(citations omitted) (collecting cases).

Here, the record contains years of clinical findings, imaging studies, and treatment following Dr. Meisel's examination.  Much of this evidence shows continuing and worsening pain and limitation.  (T at 392, 393, 394,

441, 746, 1179, 1181, 1866-68, 1870-71, 1872-73, 1893, 1901-1903, 1918, 1925, 1939, 1940, 1942, 1944, 1947-49, 1950, 1953, 1957, 1963, 1964, 1966, 1887-88, 1993, 2266, 2805, 2852).

In addition, the ALJ did not accept Dr. Meisel's opinion in full.  The ALJ recognized that Plaintiff's complaints of knee and back pain were "supported by MRIs and clinical signs" and thus decided that Dr. Meisel's assessment of mild limitation as to climbing stairs, bending, and walking should "not be given much weight." (T at 1620).

While the ALJ has the ultimate responsibility of determining a claimant's RFC, the ALJ is a lay person and should not accept "the mantle of a medical expert." *See Balotti v. Comm'r of Soc. Sec*., No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022)(quoting *Amarante v. Comm'r of Soc. Sec*., No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017)).

Here, the record documents extensive pain, limitation, and treatment over an extended period of time, but contains only one medical opinion regarding Plaintiff's physical limitations.  The ALJ did not even fully credit that sole opinion, which was prepared by a non-treating provider based on a single examination nearly six (6) years before the ALJ's decision.  Under such circumstances, the ALJ was obliged to seek an opinion from a treating

physician, an updated consultative examination, and/or review and testimony from a medical expert. *See Skartados v. Comm'r of Soc. Sec*., No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)("Medical opinions from treating physicians are critical because, beyond simply diagnosing the patient's impairment, they relate the impairment to the patient's functional capacity."); *see also Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) ("The medical records discuss [claimant's] illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life.").

###### B.     *Mental Impairments*

The ALJ recognized Plaintiff's PTSD and major depressive disorder as severe impairments (T at 1609) but found that she retained the RFC to perform simple and repetitive tasks in a low-stress environment with limited contact between herself and co-workers, supervisors, and the public. (T at 1613).     The ALJ assessed moderate limitation in Plaintiff's capacity to: understand, remember, or apply information; interact with others; maintain concentration, persistence, and pace; and adapting and mange herself. (T at 1612).

The ALJ recognized that the record does not contain a statement from a treating mental health provider. (T at 1623).

Courts in the Southern District of New York have consistently recognized that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ's duty is a recognition that the opinions of treating providers are particularly probative in claims involving mental health. *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are

likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

The record here contains extensive evidence of persistent, significant psychiatric symptoms and treatment, including multiple hospitalizations for suicidal ideation and attempts. (T at 327, 332, 363, 467, 502-503, 510, 513, 515, 523, 524, 626, 628, 645, 651, 663, 675, 687, 700, 705, 753, 755, 762, 802-03, 820-27, 841, 862, 868, 870-72, 884-87, 891, 893, 900, 907, 910, 914, 922, 1091, 1096, 1107-08, 1234, 1297, 1853, 2315, 2350, 2353, 2445-52, 2516-17, 2529, 2536, 2692, 2729, 2761).

The ALJ surveyed the record and noted periods of apparent progress and improvement (T at 1620-22). However, it is well-settled that "[c]ycles of improvement and debilitating symptoms [of mental illness] are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019)(quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)(alterations in

original)); *see also Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 10 (2d Cir. 2020)(cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

The record contains a consultative psychiatric evaluation performed by Dr. Arlene Rupp-Goolnick in June of 2016.  Dr. Rupp-Goolnick diagnosed depressive disorder and found no limitation with respect to Plaintiff's ability to follow and understand directions or perform tasks, maintain attention and concentration, sustain a schedule, perform complex tasks independently, and make appropriate decisions. (T at 347-48).  Dr. Rupp-Goolnick assessed mild limitation in Plaintiff's ability to relate adequately with others and appropriately deal with stress. (T at 347).

The ALJ gave "little weight" to this opinion, finding it inconsistent with the extensive treatment record. (T at 1623).  The ALJ nevertheless found that Plaintiff can meet the mental demands of a limited range of work sufficient to sustain competitive, remunerative employment. (T at 1613). This conclusion is unsupported by any treating or examining opinions.

A non-examining State Agency review physician assessed moderate limitations. (T at 97-102, 108-12). However, this non-examining opinion cannot constitute substantial evidence and is based on an incomplete record (having been rendered in 2016). *See, e.g., Jimenez on behalf of D.S.J. v. Comm'r of Soc. Sec*., No. 21-CIV-2030-KMKAEK, 2022 WL 4085953, at \*12 (S.D.N.Y. Aug. 18, 2022); *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at \*8 (D. Vt. July 14, 2020)("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted).

Moreover, the ALJ did not even accept the State Agency opinion in full, finding Plaintiff more limited regarding the mental demands of basic work activity due to "sub-optimal mood regulation and depression." (T at 1623).

"Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the

ALJ identified." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016); *see also Skartados*, 2022 WL 409701, at *6-8.

C.    Home Care Attendant

There is significant evidence in the record that Plaintiff needed, and was provided with, a home care attendant. (T at 69, 355, 834, 922, 1316, 1539, 1542, 1644-45, 1856).  This shows a more significant level of limitation than that assessed by the ALJ.

The ALJ found that the record lacked "documentation to clarify the nature of the home attendant's services, including authorization for such services and any documentation of what services [Plaintiff] receives and for how long she has received them." (T at 1624).  The ALJ concluded that the "evidence fails to show that [Plaintiff] had a medical need" for a home care attendant. (T at 1624).  Given the documentation already in the record, to the extent the ALJ found it incomplete, she was obliged to undertake efforts to obtain additional information.

D.    Representations of Counsel

Plaintiff has been represented by experienced counsel through the administrative proceedings and related litigation. Plaintiff's counsel certainly should be expected to recognize the importance of treating provider opinions and the necessity of obtaining and then providing those opinions

17

to supplement the record and, if necessary, seeking assistance from the

ALJ.  At the second administrative hearing, Plaintiff's counsel represented

to the ALJ that he had reviewed the evidence and had no objection to the

record (T at 1637-38), despite the fact that there were no or outdated

provider opinions. This is relevant because some courts have found that an

ALJ can rely on the representations of claimant's counsel in determining

whether to obtain outstanding opinions/documents and complete the

record.

While this is the rule the present case is distinguishable.  For

example, in *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the

panel affirmed the denial of benefits even though the ALJ did not contact or

obtain records from the treating physician.  However, there in addition to

holding the record open to allow claimant's counsel to obtain the records,

the ALJ in *Jordan* contacted counsel to follow-up on the status of his efforts

and counsel responded that the claimant had "nothing further to add to the

record." *Id.*

Likewise, in *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir.

2012), the panel found the record "fully developed" where the ALJ held the

record open "so that counsel could submit additional evidence, *contacted*

*counsel when no further evidence was received*, and, at counsel's request, granted an extension of time to obtain evidence." *Id.* (emphasis added).

In the present case, unlike in *Jordan* and *Frye*, there is no evidence that the ALJ followed up with counsel or otherwise took any "independent steps" to ensure the record was complete. *See, Colucci v. Acting Comm'r of Soc. Sec.*, No. 19-cv-01412 (KAM), 2021 U.S. Dist. LEXIS 62081, at *17 (E.D.N.Y. Mar. 31, 2021)(distinguishing *Jordan* because "there is no evidence that the ALJ sent a reminder to plaintiff's attorney"); *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 U.S. Dist. LEXIS 152800, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("The Second Circuit has indicated that the ALJ may rely on the claimant's counsel to obtain missing evidence under some circumstances, but it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel."); *see also Carr v. Comm'r of Soc. Sec.*, 16 Civ. 5877 (VSB) (JCF), 2017 U.S. Dist. LEXIS 72209, at *29-33 (S.D.N.Y. May 11, 2017).

While the Court finds it concerning that Plaintiff's counsel apparently never sought to obtain treating provider opinions and never sought the ALJ's assistance in seeking these important records, nonetheless, "remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part,

to inaction by the claimant's counsel." *Martinez v. Saul*, No. 3:19-cv-01017-TOF, 2020 U.S. Dist. LEXIS 205069, at *38 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 U.S. Dist. LEXIS 146213, at *21 (N.D.N.Y. Mar. 30, 2010)).

 E.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds that a remand for further proceedings is necessary to allow for further development of the record, as discussed above.  The Court is mindful that Plaintiff's applications for benefits have been pending for more than seven (7) years and this matter has already been remanded once.  As such, this Court exercises its discretion and directs that proceedings before the ALJ be completed within 120 days of the date

hereof.  If the decision is a denial of benefits, then a final decision shall be rendered within 60 days of any appeal by Plaintiff.  *See Martinez v. Saul*, No. 19-CV-6515 (BCM), 2021 WL 2588783, at *11 (S.D.N.Y. June 23, 2021).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 22) is DENIED; and this case is REMANDED for further proceedings consistent with this Decision and Order.  The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: August 16, 2023                    *s/ Gary R. Jones*
                                          GARY R. JONES
                                          United States Magistrate Judge